**CIRCUIT COURT OF THE CITY OF RICHMOND**

XL Specialty Ins. Co.

v.

Commonwealth of Virginia

February 20, 2004

*Case Nos. LS3-3 and LS4-3*

BY JUDGE T. J. MARKOW

These cases are before the court on motions to dismiss based on pleas of sovereign immunity.

The Plaintiff is an insurance company authorized to do business in Virginia. In its Motions for Judgment, the Plaintiff has alleged that it issued two Performance Bonds, Nos. LF01-06996 and LF01-08829, acting as a surety for Bravos Concrete, Inc. It is alleged that Bravos subsequently contracted with the Virginia Department of Transportation to complete two projects and began construction of these projects.

In mid-1999, VDOT notified Bravos that it was in default of the contract and demanded that the Plaintiff assume its obligations under the Performance Bonds. VDOT and the Plaintiff entered into Takeover Agreements, whereby the Plaintiff arranged for another contractor to complete the projects. When the work was completed in conformity with the Takeover Agreement terms, the Plaintiff has alleged that it discovered that VDOT had overpaid Bravos for its work on the projects. VDOT has rejected the Plaintiff's claims for the amount of the overpayments. The Plaintiff has alleged two breach of contract claims against the Defendant in order to recover the amount of the overpayments.

The Commonwealth has moved to dismiss the case based on its pleas of sovereign immunity. The Commonwealth argues that there was no express contract between the parties upon which the Plaintiff may bring suit and that the Plaintiff would not be entitled to sue upon any implied contract as there has been no waiver of immunity by the Commonwealth.

The court finds that there was no direct, express contract between the parties aside from the Takeover Agreements, which the Plaintiff does not allege was ever breached by the Commonwealth. Virginia Code § 33.1-387 waives sovereign immunity for contracts with the Commonwealth, providing contractors with a remedy against the Commonwealth on contracts between them and the Commonwealth.

The Plaintiff has asserted that the Performance Bond provides the means by which the Plaintiff may bring suit against the Commonwealth. The Plaintiff cites *Insurance Co. of the West v. United States*, 243 F.3d 1367 (Fed. Cir. 2001), for the proposition that the alleged analogous Tucker Act waives sovereign immunity for assignees (the surety) as well as those with the original claim. The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The analogous provision in the Virginia Public Procurement Act, however, allows jurisdiction only over claims brought upon a contract, not claims based upon implied contracts. In effect, the surety's right to bring suit against the third-party obligee (here, the government) arises only by implying a contractual arrangement between the surety and the third-party obligee. Principles of sovereign immunity require that any waiver by the Commonwealth must be through a specific statute and that a Plaintiff's claim must strictly comply with such statutes. *Norfolk & W. Ry. v. Virginian Ry.*, 110 Va. 631, 646, 66 S.E. 863, 868 (1910). The court finds that Virginia Code § 33.1-387 does not waive the Commonwealth's immunity except in the case of a direct, express contract. Therefore, the rationale in *Insurance Co. of the West* does not apply in this case. Further, without such a waiver of sovereign immunity, the Plaintiff has no remedy against the Commonwealth.

The Plaintiff also argued that, at the time the Commonwealth asked it to assume the obligations of Bravos, the Plaintiff stepped into Bravos' shoes, retaining all of the rights and liabilities of Bravos under the original contracts between Bravos and the Commonwealth. Bravos, however, would not be afforded, nor would it seek, the remedy sought by the Plaintiff. Therefore, even if the Plaintiff is correct in its analysis that it assumes all of the rights and liabilities of Bravos, the court finds that these rights do not afford the Plaintiff with any remedy against the Commonwealth.

Subsequent to the hearing on the motion to dismiss, counsel for the Commonwealth filed what is believed to be further authority and/or argument in support of the Commonwealth's position. The court did not request nor does it invite such filings. The filing was ignored.

608

For the above reasons, the court finds that the Commonwealth is immune against the above-styled suits and grants the Commonwealth's motions, dismissing both suits.