## CIRCUIT COURT OF THE CITY OF RICHMOND

Nicole E. Goff

v.

J. Sargeant Reynolds
Community College,
Commonwealth of Virginia,
Joel Adler,
and Randall Smith

August 16, 2005

Case No. LT-966-3

BY JUDGE T. J. MARKOW

This matter is before the court on J. Sargeant Reynolds Community College's and The Commonwealth's Special Plea of Sovereign Immunity. This matter arises out of Plaintiff's communications with Reynolds and her enrollment in its Ophthalmic Assistant Career Studies program. The Commonwealth is named on a *respondeat superior* theory.

Plaintiff alleges that Reynolds' course catalogs represented that graduates of its Ophthalmic Assistant program would be eligible to sit for the Ophthalmic Assistant Certification Examination. Plaintiff further alleges that the Assistant Dean and the Director of the Ophthalmic Assistant program reassured her that, upon successful completion of the program, she would be eligible for the exam. Shortly before graduation, Plaintiff claims she contacted the testing site identified by the Director and was informed that it did not administer the exam. She subsequently learned that Reynolds was not an accredited school and that it had never applied for accreditation. She was informed by the certifying agency that none of her courses at Reynolds would

be credited toward her certification eligibility. Plaintiff, therefore, is suing Defendants based on actual fraud, constructive fraud, and breach of contract.

## *Legal Entity*

As argued by the Commonwealth in its brief, and the court so finds, that J. Sargeant Reynolds is not an independent legal entity. Title 23, Chapter 16, of the Virginia Code outlines the Community College System as established by the General Assembly. The legislature created the State Board of Community Colleges to establish, control, and administer the Community College System. The legislature did not specifically designate the individual community colleges or grant them any powers, specifically the power to sue and to be sued. Therefore, any suit against J. Sargeant Reynolds must be brought against the Commonwealth. Accordingly, J. Sargeant Reynolds is dismissed.

## *Tort Claims*

The Commonwealth contends that Plaintiff's tort claims of actual fraud and constructive fraud are barred by the doctrine of sovereign immunity. It argues that Plaintiff's claim does not satisfy the requirements of the Virginia Tort Claims Act, Va. Code § 8.01-195.1 *et seq.*, and therefore its immunity is not waived.

Pursuant to the Virginia Tort Claims Act, "the Commonwealth shall be liable for claims for money . . . on account of *damage to or loss of property* or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment." Va. Code 8.01-195.3 (2005)(emphasis added). The Commonwealth does not deny that Plaintiff suffered a "loss of money," however it contends that a loss of money does not qualify as a loss of property as contemplated by the statute. The court disagrees. In the usual context, money is considered personal property. There is no sound reason that it should be considered otherwise under the Act. Accordingly, the court finds that Plaintiff has alleged a "loss of property" as contemplated by the Virginia Tort Claims Act and therefore the Commonwealth has waived its sovereign immunity from such claims.

## *Contract Claims*

The Commonwealth also contends that Plaintiff's breach of contract claim is barred by sovereign immunity. The Commonwealth argues that,

while valid contracts are generally enforceable against the Commonwealth, Plaintiff has not alleged a valid contract, but rather an implied contract, in which case the Commonwealth is immune. *See Flory Small Business Dev. Ctr. v. Commonwealth,* 261 Va. 230, 236-237, 541 S.E.2d 915, 918 (2001); *see also XL Specialty Ins. Co. v. Commonwealth,* 63 Va. Cir. 606 (2004). While the court agrees that the Commonwealth would be immune on an implied contract or quasi-contract theory, the court finds that Plaintiff has alleged an actual contract. The Commonwealth seems to suggest that, because this is an oral contract, it is an implied contract. While there may be a question as to whether this type of contract is enforceable against the Commonwealth, there is no question that this is an actual contract.

However, as argued by the Commonwealth in its brief, the contract at issue here is not enforceable against the Commonwealth unless Plaintiff has complied with Virginia Code § 2.2-814. Virginia Code § 2.2-814 outlines the procedure for presenting a contract claim against the Commonwealth for an agency's actions. There is no allegation in the Motion for Judgment that Plaintiff has complied with Virginia Code § 2.2-814 and therefore is entitled to pursue a claim against the Commonwealth under Virginia Code § 8.01-192. Sovereign immunity does apply to the Commonwealth because the Code provides an exclusive means of pursuing such a claim against the Commonwealth and Plaintiff has failed to allege compliance.

For the foregoing reasons, the court finds that sovereign immunity does not bar Plaintiff's tort claim but does bar Plaintiff's contract claim. Therefore, Count III is dismissed.